UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALTON POTEET                                    CIVIL ACTION

VERSUS                                          NO: 06-5099

AMERICAN BANKERS INSURANCE                      SECTION: "R"(5)
CO., ET AL.

### ORDER AND REASONS

Before the Court is the motion for summary judgment filed by defendants Pat LeBoeuf Insurance, Inc. and Bernard Patrick LeBoeuf. For the following reasons, the Court GRANTS defendants' motion.

### I. BACKGROUND

Plaintiff sued American Bankers Insurance Co. and National Security Fire & Casualty Companies, his property insurers, and Pat LeBoeuf Insurance, Inc. and Bernard Patrick LeBoeuf, the agents who sold and renewed his homeowner's and flood insurance policies, after plaintiff's property suffered damage as a result

of Hurricane Katrina and/or Hurricane Rita. The insurance agent defendants now move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. They argue that plaintiff cannot establish any duty owed to him for which they would be liable. Additionally, defendants contend that the undisputed facts show that plaintiff's claims against them are perempted under Louisiana Revised Statute § 9:5606. Plaintiff has not responded to defendants' motion.

**II. LEGAL STANDARDS**

    **A.    Applying Louisiana Law**

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id*. (quoting La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's

Constitution, codes, and statutes." *Id*. (quoting *Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)).  To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

    **B.**    **Summary Judgment**

A motion for summary judgment is properly granted when there are no genuine issues as to any material fact, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  An issue is material if its resolution could affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S 242, 248 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Id.* at 249.  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may

3

satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

## III. DISCUSSION

Defendants contend that there is no cause of action against an agent for failure to advise whether plaintiff was underinsured or carried the correct type of coverage, and therefore plaintiff's claims against them must be dismissed.  They further argue that even assuming they owed a duty to plaintiff that they breached, any claim arising from that duty is perempted by the terms of La. Rev. Stat. § 9:5606, a statute establishing peremptive periods for contract and tort actions brought against insurance agents.

The Court concludes that plaintiff has not alleged a proper cause of action against the LeBoeuf defendants.  In his complaint, plaintiff alleges that defendants "did not advise

petitioner that his policy limit left his property underinsured" and that as a result of this "breach of duty, petitioner did not have adequate insurance coverage." (Pl.'s Compl. ¶¶ XXI, XXIII). In *Parker v. Lexington Insurance Company*, 2006 WL 3328041 (E.D. La. 2006), plaintiff also alleged that his insurance agent breached a duty to advise him to obtain coverage with a higher limit of liability. *Id.* at *4. The court held that there was "no reasonable basis for predicting that state law might impose liability on [the agent] under the facts alleged." *Id.* The court further explained that homeowners, not insurance agents, are in the best position to know the value of their property. Agents are not obligated to independently appraise property prior to allowing insureds to renew their policies. *Id.*

Insurance agents in Louisiana have a duty to procure the insurance their clients request. *See Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730 (La. 1973). They do not have a duty to "spontaneously identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage." *Dobson v. All State Ins. Co.*, 2006 WL 2078423, at *10 (E.D. La. 2006). *See also Graves v. State Farm Mut. Auto Ins. Co.*, 821 So. 2d 769, 773-74 (La. App. 2002) (holding that insurance agents did not have a duty to inquire into their insureds' financial condition and recommend that they carry

higher liability limits or purchase an umbrella policy); *Dooley v. Wright*, 501 So. 2d 980, 985 (La. App. 1987), *writ denied*, 512 So. 2d 442 (La. 1987) (where plaintiff had not requested insurance that would cover his successor liability for a dissolved corporation, "his assumption that [the agent] was obligated to procure such coverage for him was patently unreasonable.").

Defendants could not have breached a duty they never owed to plaintiff, therefore plaintiff has not properly alleged a cause of action against defendants.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the summary judgment motion of defendants Pat LeBoeuf Insurance, Inc. and Bernard Patrick LeBoeuf.

New Orleans, Louisiana, this <u>24th</u> day of October, 2007.

              *Sarah Vance*
            SARAH S. VANCE
      UNITED STATES DISTRICT COURT